Dear District Attorney Alexander:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment of members of the Commissions that govern the East Cameron Port, Harbor and Terminal District and the West Cameron Port, Harbor and Terminal District, responsibility of the Parish in regard to the actions of these Commissions, and legality in supplying them services and funds.
You indicate that R.S. 34:2502 and R.S. 34:2552 provide for the appointment of members of the East Cameron and West Cameron Port Commission, and each designate that all but one member is appointed by the governing authority with the remaining member appointed by the other members of the Commission, there being five and nine members respectively. It is further provided in Subsection C of each of these statutes that in the event any commissioner ceases to be a commissioner for any reason, his successor shall be appointed by the remaining members, and shall serve for the remainder of the unexpired term of the outgoing commissioner.
Pursuant to these statutes you present the following questions:
 1. Does the governing authority of Cameron Parish have the authority to appoint the commissioners in the original four and eight positions on the East and West Cameron Port Commission as their terms expire, or does Subsection C mean that the members of the Commissions are given the authority to fill all of the seats as the term of each commissioner expires;
 2. Is the Cameron Parish Police Jury, as the governing authority of the Parish, in any way responsible for the actions of the two Port Commissions; and
 3. Is it legal for the Cameron Parish Police Jury to provide funds or services to the Port Commissions for their use in carrying out the functions and work with which they are authorized to do under the statutes.
In regard to your first question we note that the statutes provide in Subsection A that the "commissioners shall be appointed by the governing authority of the parish of Cameron", except for one appointment, and were initially given staggered terms. Thereafter, it is provided the successors of all the commissioners shall be appointed to serve for terms of six years. Subsection C provides as follows:
 In the event any commissioner ceases to be a commissioner for any reason, his successor shall be appointed by the remainder of the members and shall serve for the remainder of the unexpired term of the out going commissioner.
We feel Subsection C must be read as a whole along with the provisions of Subsection A of each statute. Subsection A provides that four and eight "commissioners shall be appointed by the governing authority". In addition to this provision that these commissioners "shall" be appointed by the governing authority, we note, that while Subsection C refers to appointment by the other members for a successor "in the event any commissioner ceases to be a commissioner for any reason", it further provides this successor shall serve "for the remainder of the unexpired term of the out going commissioner". Therefore, we feel the appointment by the remaining members for any commissioner that ceases to be a commissioner is only for those occasions when a term has not been completed, but not when the term has ended. Accordingly, we find authority for these appointments remains with the governing authority upon expiration of the terms of these commissioners.
The statutes creating the Port Commissions for Cameron Parish, R.S. 34:2501 and R.S. 34:2551, specifies that the Port Commissions are created "as political subdivisions of the state with full corporate powers", and it is further provided that all property and improvements vest in the State. This office has recognized under R.S. 9:2792 that persons who serve as members of a board, commission or authority of a political subdivision are not individually liable for any act or omission resulting in damage from the exercise of his judgment in the position "unless such damage or injury was caused by his willful or wanton misconduct", nor is the State liable for any damage caused by officers of a political subdivision that occur within the course and scope of official duties for these are not actions the of State but of the political subdivision having power to sue and be sued. Thus, we would conclude that the Cameron Parish Police Jury would not be responsible for the actions of the two Port Commissions which are separate political subdivision of the state with full corporate powers.
We cannot definitively answer your final question as to whether it is legal for the Cameron Parish Police Jury to provide funds or services to the Port Commissions for their use in carrying out the functions and work they are authorized to do under the statute for that would depend upon what the funds and services may be for, and the police jury's obligation, if any, in regard to the project to be funded.
There is a prohibition against the donation of public funds in our state Constitution, Art. VII, Sec. 14, but expenditures for a cooperative endeavor are permitted. However, based upon the Louisiana Supreme Court's consideration of this provisions inCity of Port Allen v. Louisiana Risk Management, 439 So.2d 399
(La. 1983), it has been recognized that the expenditure for a cooperative endeavor may only take place for a matter where each party has a specific legal obligation to perform the act. The court stated that the Constitution is violated whenever the state or political subdivision seeks to give up something of value "when it is under no legal obligation to do so." Serving a public purpose alone is not enough to justify the expenditure of public funds, but there must be a legal obligation on the part of the public entity giving the funds that arises from a statute, ordinance or contract to do the act for which there is to be the expenditure of the public funds, and the expenditure must create a public benefit proportionate to the amount expended.
Therefore, the funds must not only be for a project that the Port Commission is authorized to do under statute, but a project that the Parish Police jury has authority to carry out by way of statute, ordinance or contractual provisions to legally provide funds or services to the Port Commissions to carry out its function.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR